[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Middlesex at Middletown, Docket No. CR-96-0433873.
Scott. Jones, Esq. For the Petitioner.
Robert O'Brien, Esq. For the State of Connecticut.
 BY THE DIVISION
The petitioner was convicted, in absentia, by a jury of Larceny in the second degree in violation of Conn. Gen. Stat. § 53a-123. The trial court imposed a sentence of nine years to serve.
The record shows that the petitioner "flim flamed" a woman out of about $380 dollars in the City of New Haven. The CT Page 7130 petitioner assumed a false persona, identity and hardships to trick the person out of her money.
The record also shows that the petitioner failed to appear during the course of the trial and that the case was tried to conclusion without his presence and he was found guilty.
Counsel for the petitioner noted to the panel that although the victim was "scammed" out of her money the petitioner returned a good portion of the money to her a couple of hours later. Counsel brought to the panel's attention the age of the petitioner and the medical complications he faced at the time of the sentencing. He also noted that although the petitioner had "quite a lengthy record" there did not seem to be a history of criminal violence in that record.
In his argument the attorney attempted to minimize the criminal offense stating it really was a larceny 6 and that nine years was excessive. In concluding counsel asked for mercy based upon his client's age, his medical problems and the fact that he returned some of the money to the victim.
Petitioner addressed the panel and complained that he is serving nine years for a "petty scam." He noted this was not an act of violence, and he lamented that he is sentenced to more time than that fellow inmates who are drug dealers and violent criminals. The petitioner when questioned by the panel admitted that the sentencing judge may have taken into consideration his extensive criminal record.
Counsel for the state noted that the petitioner has been involved with the criminal justice system for over 40 years in three different states and the court took into consideration that he took off during the trial. He concluded that the court must protect society from crimes that the petitioner repetitively commits and that the sentence was not excessive.
When reviewing the petitioner's criminal history we find a sordid array of crimes committed with consistency over a 40-year period. Add to that the fact that the petitioner abdicated his responsibility by not appearing for trial. Neither age nor medical history can mask the petitioner's consistent criminal behavior that in 40 years was not subject to rehabilitation.
In light of the serious nature of the offense involved here CT Page 7131 and the need to protect the public from such conduct, it cannot be found that the sentence imposed was inappropriate or disproportionate.
THE SENTENCE IS AFFIRMED.
Miano, J.
Klaczak, J.
Norko, J.
Miano, J., Klaczak, J., and Norko, J. participated in this decision.
There was no date stamp visible on the application filed, however the panel ruled there was substantial compliance indicated and ruled to hear the petition.